Ruffin, Judge.
 

 Had the objection been taken to the evidence, that the note produced varied from that set out in the
 
 fourth
 
 count, there must have been a new trial. For in forgery, the
 
 tenor
 
 of the instrument must be given in Hs*- stidii unen? $ and if that, produced do riot correspond with it, the prosecution must fail. Here the fourth
 
 *445
 
 fcount states the words “
 
 Salisbury’*
 
 and “
 
 Raleigh”
 
 in fti.il Whereas, on the note itself, they apirear as ‘s
 
 8a-lish”
 
 and
 
 “leigh,”
 
 whirl» are different worilf. No objection however, of variance, was '.’ken to ei'her count. " ’ ¡d Mieh could be made t „e. count, for . ¡’í:1. . .nsniptof die note is nut i at.
 

 'I'lie objection actually taken is,, that i;¡ .citing; out the tenor, the indictment contains a
 
 verbatim
 
 copy of the note, without having inserted before “
 
 dollars”
 
 the word
 
 twenty,”
 
 so as to designate the number of dollars, for which the note imports to be,- and that the note when produced is. in law, for twenty dollars, and therefore varies from the count. 1 think tins objection untenable. Tenor does not mean, that in effect or in law, it is a note for twenty dollars, but that the note is in those very words and figures. It imports a
 
 copy,
 
 and when the indictment charges the passing a forged note of a certain tenor, the note set out it) the indictment must be a copy of the instrument; such as it was when the prisoner passed it ; with all its defects, omissions and additions, as
 
 then
 
 existing. For
 
 that
 
 was the instrument he passed, and the Court is to judge, whether, in that state, it be one of the instruments embraced by the statute. I think therefore, the method adopted here was the only proper one, and that if “ twenty,” or any other word had been inserted in the tenor, it would have been fatal, though the sense and iegal meaning of the note, without the Word, should be the same with that, set out wit It the word, as the tenor, in the indictment. On this point, I concur with the Judge below.
 

 The Court below, however, arrested the judgment, after conviction on the second and fourth counts, for want of a specific averment in those counts, that the notes set forth in them were hank notes for a certain siim, or purported to he for a certain number of dollars. This position is different from the former in this : the first assumes that a note for dollars must be set forth in
 
 *446
 
 its
 
 tenor,
 
 as being for a Certain number of dollars : the latter, that the tenor of such a note must be truly given, so as to make it on the record read dollars. Yet the indictment must, by a distinct averment, allege that the note thus spread on the record, is a note, or
 
 purports
 
 to be a note for a specific sum of money.
 

 Very clearly, the indictment, must charge the forgery of such an instrument as is included in the statute. In this case, it must appear to be a bank note
 
 ;
 
 which
 
 exvi termini
 
 means a note for
 
 some
 
 certain sum. This is the reason why the. tenor must, be stated. For the construction of the statute, and of the forged instrument, its obligation and value, or rather, the sum that may be recovered on if, are ail matters of law to be decided by the Court. If the instrument be perfect in its structure, it can never be deemed necessary by any body to do more in the indictment than give the tenor. From that, every thing material, the nature of the instrument, and the sum which it obliged one to pay, or discharged another from paying, fully appears. But it seems to be thought, taat if the instrument be not complete in ail its parts, according to the usual form of such instruments,
 
 further
 
 aver-ments are necessary to show its meaning, and the extent of its obligation, as being its purport. This is true to a certain extent. It is true of such instruments as may, er may not be of legal validity or meaning, according to the
 
 intent of the ¡tarty,
 
 that they should, or should not be so understood; but it is no further true. An averment cannot supply a defect in the instrument, which no intent of the party could make to mean a different thing from what it imports in itself to be : nor, where the instrument thus in itself imports to be one thing, can the intent of the party make it purport to be another.
 
 The purport
 
 of a writing, is that
 
 which it appears on its face to he.
 
 The ase of the term becomes propet' in an indictment, because a forgery cannot be said to be in fact the thing it purports to be. We cannot with propriety say,
 
 *447
 
 one forged a bond or a bank note. If it be a forgery, i- ;n>t Vafe
 
 note
 
 or a
 
 bond.
 
 It' ■<!% prof---.es to be so.
 
 1
 
 íut< i* 4, it is most correct
 
 },
 
 f A the. ¡•crused brgul ertain paper writing, * . pm .to be a bank note or a will.” Either way lias been heb'.suffucnt in Englend, because in their statutes, the of. :no.e is often described by the words “forge a bank not» ,01 will,” or the like.
 
 (Rex
 
 v.
 
 Birch
 
 &
 
 Martin,
 
 1
 
 Leach 79, 2 Bl. Rep.
 
 790.) It may be doubted whether it v,«t Id he safe to lay it here otiu» wise than as “ purporting to be,” since the act of 1819 says, “ forge a bill or note in
 
 imitation of, or purporting to be
 
 a bill or note.” It is never therefore necessary to set out the meaning of an instrument, having a meaning in itself, under the term
 
 purport.
 
 It is only necessary, if at all, to bring the instrument within the general description of the statute, as
 
 “
 
 purporting to be a
 
 bank note, deed, receipt fur money,”
 
 and the like. Ail beyond that, which must appear to the Court, does appear from the tenor. If the purport means, as
 
 Mr. Justice Butler
 
 says it does, “ the substance of an instrument, as
 
 it appears on the face of it,”
 
 it can be gathered from, the contents alone. What more then can the purport inform the Court of than the tenor does ? From the tenor, the purport is seen as perfectly, as if the indictment were incumbered and complicated by a formal statement, that the purport is one thing or another. ' The general doctrine on this point is fully stated in the opinion of the twelve Judges, delivered by
 
 Judge Butter,
 
 in
 
 Gilchrist’s case,
 
 (2
 
 Leach
 
 657.) That case fully shows the danger of setting out any thing else under this word, than the general description of the instrument. For there a variance between the purport, as expressed at large in the indictment, and the purport as collected hv the Court from the tenor, was fatal. The indictment, charged the forgery of a hill of exchange,
 
 purporting to be directed
 
 to G. K W. M. Sc T. H. by the name, and description of Messrs. R.
 
 M.
 
 &
 
 H.
 
 and the tenor showed a bill directed
 
 *448
 
 f0
 
 Messrs. R. M
 
 &
 
 H.
 
 The judgment was arrested,
 
 for ^'s name 11°1 aPPei,r "n tlw
 
 and therefore it did not
 
 purmpl
 
 to hr directed to him, thought? whs in ijrni of
 
 11. M.
 
 &
 
 II.
 
 to which the bill was directed. A';*' the Judges go so far as to say, tli.it tlu-re had been no determination, that the purport »ud tenor should both he set out, and intimate that they need not. If line theta liad been an averment, that tie* forgery “ purported to be a hark note for
 
 twenty
 
 dollars,” what Consequence would follow ? If it «lo not arpear upon its face, in other words,
 
 from the tenor set ant
 
 in th“ indictment, to be for that sum, the indictment is repugnant and bad. If it doth so appear from the Ichor, then it is already sufficiently stated in the indictment.
 

 It is true, if the instrument be not
 
 apparently
 
 within the act, or rather if it be not apparently any legal inst< ument .whatever, there must be such averments as w ill make it one, and bring it within the statute.
 
 Hunter’s case (Leach
 
 624) is an instance of this. The indictment charged that the prisoner “ forged a certain
 
 receipt for
 
 money, viz. twenty-five pounds, mentioned and contained in a certain paper w riting, called a navy bill; Which said false and forged receipt for money, is as follows: that is to say,
 
 William
 
 Thornton,” “
 
 William
 
 HunterIt was held, that the indictment most aver such other facts, as would enable
 
 the Court
 
 to see, that the instrument was
 
 in law,
 
 a receipt for money — as that “those words were intended to signify that those persons had received the money.”
 

 The ground of that decision obviously is, that the mere names of the persons do not
 
 per se
 
 constitute a receipt. But as in law, they do, or do not amount to a receipt, according to the intent with which, if genuine, they had been placed there ; or in cas' of a forgery, as they will
 
 purport
 
 to he a receipt, according to the intent with which the prisoner meant others to understand, they had been placed there, by the perseas whose names they are, that
 
 *449
 
 intent must be averred. Such an averment is necessary, that the signification of words, unmeaning in them.se!' es, i . , , , ,. . may be ascertained to the Court. IÍ it were not so, the matter of law, whether it was a receipt, would be tried exclusively by the jury — whereas, that is the province of the Court, after the intent is found.
 

 But that ran have no application to the case before us. Here the note
 
 is
 
 apparently a bank note, and therefore •within the letter of the act. There, is nothing equivocal on its face, which makes it one thing or another, according to the intent with which it was fabricated or passed. It would not purport the Jess to be a bank note, issued by the Siate Bank of North-Carolina, because, the prisoner
 
 said
 
 it was issued by the Bank of Newborn : nor the less
 
 purport
 
 to be for
 
 twenty
 
 dollars, because he passed it for
 
 Jive.
 
 If there had been an averment, that it purported to ho, or was intended to be a bank note for
 
 ie
 
 twenty55 dollars, the case would have been the same as it now is, unless to the Court it appeared by the tenor, not to be a note for that sum, and if the jury hail so found it, still the objection of repugnancy would have existed, unless the finding accorded with the inference of law from the face of the note itself, as may be fully seen from
 
 Elliott’s ease,
 
 hereafter cited.
 

 The enquiry then comes down at last to this. Is this a bank note, .as stated in eiflier count, for any and what sumí If the note, considering it as an original forgery out and out, contain no obligation to pay money; or, considering it as a forgery committed by altering a genuine- note, if it be so modified or cancelled, as to leave nothing whereby, if genuine, the bank could be compelled to pay any sum : in either ease, it would not be, a bank note, and it would be mere folly to receive it— since
 
 it does not purport
 
 to oblige the bank to redeem it. Sue!) a case would not be within the statute; but 1 should he sorry to be compelled by the rules of law, so to consider this instrument. I* would be opening the door to great and dangerous frauds and forgeries»
 

 
 *450
 
 This instrument is, in all respects, in the usual form of a bank note, except that in its body it has not
 
 in letters
 
 the certain sum for which it. was given. It purports be a promise, by the President and Directors of the State Bank of North-Carolina, to pay on demand to J.
 
 Sneecl,
 
 or bearer, dollars. In this shape, without more, I should say, it vras not a bank note, for the want of a sum expressed. But it is not necessary, that the instrument forged should be an exact resemblance of one that is genuine. It is sufficient, if it be fit,
 
 prima
 
 fade, to pass for true. Now, although it is usual and proper, to insert the sum in the body of the note, in Roman capitals, yet the amount of the note does not appear in that way alone, nor does its obligation depend solely on the word designating its amount, having been
 
 there
 
 inserted, or being
 
 there
 
 remaining. It is likewise proper and usual, to place the denomination in one or more other places on the bill. This, is done, not merely for ornament, orto render counterfeiting more difficult, as if they were vignettes in the margin ; but it is done with
 
 figures
 
 in the body of the hill, and usually at one or each corner, for the purpose of designating the value of the bill. As long as the denomination appears in either of those places, it is a note of the Bank, and for the sum specified by the words
 
 or
 
 the figures, they not disagreeing.
 

 We are obliged judicially to take notice of the common form of bank notes ; for the Court is to determine whelher the instrument is a bank note. And the whole circulating medium of the country would be discredited, and become worthless, if this Court were to say, that a bank was discharged from payment of its notes, if a figure or word he obliterated in use, when enough still remains to shew its true amount. In a suit against, the bank, the Court would tell the jury, that it, was a note, for the sum thus appearing on its face by letters, though the figures were worn off, or by the figures, though the word was illegible. It need not be declared on as a
 
 lost
 
 
 *451
 

 t
 
 «ote; for it remains a note for tbe money mentioned in any way upon its face. We know, that in fact the banks pay surii notes. They do not pay them f, om courtesy. Í st-ou!<3 !f"ret to leave them on t1,at footing. They pay vi‘- • are lawfully their n
 
 nv'
 
 y an obli-i t> them. Here, as 1 :J "<t ■ e n<4 > pro* mises to y
 
 dollars.
 
 The
 
 ldn„. ,u coir.
 
 is appears. Tiie
 
 quantity
 
 alone remains to be ascertained. On the face of the note, and according to the usual form, the number,of pieces is designated by the
 
 Jigures
 
 20.” From this, I think, as against the bank, ami to all the world, this paper
 
 purports
 
 to
 
 be,
 
 and
 
 is,
 
 if genuine, a hank note for “
 
 twenty dollars.” Elliott’s
 
 case, (1
 
 Leach
 
 175,) is a direct authority upon this ¡mint. There it was held, that aitho’ in the body of the note, it was for fifty without saying
 
 ts pounds”
 
 or “
 
 shillings,”
 
 yet the £50 in the margin removed every doubt, and showed the note to be for
 
 fifty pounds.
 
 And this was on a motion in arrest of judgment, upon the objection that the indictment was repugnant, as the
 
 tenor
 
 was of a note for fifty and the averment alleged a note which
 
 purported
 
 to be for
 
 fifty pounds.
 
 This shows that it is not only the province of the Court to judge of the nature of the instrument therein set forth, but also that the instrument was, in law, a note
 
 fov fifty pounds.
 
 So I think here, the note is for
 
 twenty dollars.
 

 If it were not so held, most serious would be the impositions in paper, appearing to be bank notes, and without the possibility of punishment j for we know that the banks always pay genuine notes, however much they be mutilated. And we likewise know, that in order to make forgeries more deceptive, and especially to common persons, it is a common device of counterfeiters to chafe, rumple and wear away the notes. An apparent long circulation furnishes an evidence of genuinenes, particularly calculated to delude the ignorant, whose pro-' tectiou is chiefly designed by the Legislature.
 

 
 *452
 
 I am therefore of opinion, that the indictment is good and sufficient, and that there must be judgment for the State on the conviction.
 

 Per Curiam. — Let the judgment of the Court below he reversed, and judgment entered for the State.